PAUL KELLY, JR., Circuit Judge,
concurring in result.
Though the matter is not free from doubt, Justice White’s plurality opinion in Wise v. Lipscomb, 437 U.S. 535, 98 S.Ct. 2493, 57 L.Ed.2d 411 (1978), is controlling here. Given the lack of a majority opinion in that case, we are guided by the position taken by the Justices who concurred in the judgment on the narrowest grounds. Marks v. United States, 430 U.S. 188, 193, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977). Justice White’s opinion is the narrowest ground for the judgment in Wise — while Justice Powell looked only to the exercise of legislative power to determine what constitutes a “legislative plan,” Justice White also required that the exercise of legislative power not conflict with any state or local law. Applying that latter principle, the Board’s plan would not be considered a legislative plan entitled to deference.
McDaniel v. Sanchez, 452 U.S. 130, 101 S.Ct. 2224, 68 L.Ed.2d 724 (1981), is problematic because it did not require any legislative compliance with state law when enacting an apportionment plan, relying in part on Justice Powell’s broader concurrence in Wise. Id. at 132, 101 S.Ct. 2224. To be sure, McDaniel was a § 5 case, but it does seem peculiar that the Court would create one definition of “legislative plan” for § 5 compliance, and another for § 2 compliance. Tallahassee Branch of NAACP v. Leon Cnty. Fla., 827 F.2d 1436, 1440 (11th Cir.1987). That said, McDaniel did not address this problem, and Wise remains the case most on point in the § 2 context.